UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY TRENT,

    Plaintiff,                                                               CASE NO.: _____

v.

TECHTRONIC INDUSTRIES
FACTORY OUTLETS, INC.,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., a Delaware corporation, by and through its undersigned counsel, hereby removes this action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida to this, the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Rule 81(c), Federal Rules of Civil Procedure, and Rule 4.02, Local Rules for the Middle District of Florida, on the following grounds:

       1.       On or about December 26, 2018, ROY TRENT ("Plaintiff") filed a Complaint against Defendant in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, captioned ROY TRENT, Plaintiff, vs. TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., Defendant, Case Number 18-CA-12506 (hereinafter, "Complaint").

2. On or about January 2, 2019, Plaintiff served the Summons and Complaint on Defendant, Techtronic Industries Factory Outlets, Inc., through its agent for service of process.

3. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has jurisdiction over this action because there is the requisite diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4. In particular, as the Complaint reflects, Plaintiff Roy Trent is a citizen of Brevard County, Florida. (Complaint at ¶2).

5. Defendant, Techtronic Industries Factory Outlets, Inc. is a foreign corporation that is registered to do business in the state of Delaware, with its principal place of business in the state of South Carolina.

6. Plaintiff alleges that this is an action for damages in excess of the sum of Fifteen Thousand Dollars ($15,000). (Complaint at ¶¶1 & 8, and each WHEREFORE clause at the end of each count). Specifically, Plaintiff alleges that he cut his left hand, including his thumb, index, and middle fingers, with a skill saw. (Complaint at ¶¶5, 14, 24, 33, 43, 53, 64). Plaintiff further alleges that he sought treatment for his cut hand and fingers "which required no less than ten surgeries." (Complaint at ¶¶15, 25, 34, 44, 54, 65). Plaintiff continues to allege

> That as a direct and proximate result of the manufacturing defect alleged above, the Plaintiff, ROY TRENT, suffered physical pain and suffering, scarring and mental suffering after having his left hand and fingers cut by the product manufactured and distributed by Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC. These losses are either permanent

or continuing in nature, and the Plaintiff will suffer said losses in the future, to-wit, permanently.

(Complaint at ¶¶18, 28, 37, 47, 58, 68)

7. A defendant's notice of removal may assert the amount in controversy if the complaint seeks (a) nonmonetary relief or (b) a money judgment and the state practice permits recovery in excess of the amount demands. 28 U.S.C. § 1446(c)(2)(A)(ii). As the Supreme Court recently held, the notice "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Mangano v. Garden Fresh Restaurant Corp.*, Case No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount") (citing *Dart*, 135 S. Ct. at 554). The defendant need not provide any evidence establishing the amount in controversy unless and until the plaintiff contests, or the court questions, the defendant's allegation as to the amount in controversy. *Dart*, 135 S. Ct. at 554. Although Plaintiffs have not alleged that the amount in controversy exceeds $75,000, the Court is entitled to rely on its judicial experience and common sense in determining that a cause of action is likely to exceed $75,000 and therefore meets the jurisdictional limits of the Court.

8. Defendant has attached as **Exhibit 1** the Civil Cover Sheet for the purpose of initiating the civil docket sheet.

9. In accordance with 28 U.S.C. §1446(a) and Local Rule 4.02(b), Defendant has attached as **Exhibit**s **2-6**, and filed with the Clerk of this Court, true and legible copies of all process and pleadings on file with the Circuit Court for Hillsborough County, Florida.

10. Venue of this removed action is proper under 28 U.S.C. § 1441(a), because this Court is the United States District Court for the district that includes Hillsborough, where the state-court action was pending.

11. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of Defendant's receipt of service of the state court Summons and Complaint.

12. Pursuant to 28 U.S.C. §1446(d), Defendant has provided written notice to Plaintiff and have filed a copy of this Notice of Removal with the Clerk of the Circuit Court for Hillsborough County, Florida.  A copy of Defendant's Notice of Removal to Counsel for Plaintiff, filed in state court, is attached hereto as **Exhibit 7.**

WHEREFORE, Defendant, by and through its undersigned counsel, respectfully notices the removal of this action now pending against it in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 18-CA-12506 to the United States District Court for the Middle District of Florida, Tampa Division.

## CERTIFICATE OF SERVICE – CM/ECF

I hereby certify that on January 28, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and furnished a copy via email to Attorney for Plaintiff, **Jonathan I. Rotstein, Esq., Law Office of Rotstein & Shiffman,** LLC, at s.carter@rotstein-shiffman.com; l.bonner@rotstein-shiffman.com; and t.dallarosa@rotstein-shiffman.com .

                /s/ Christopher S. Branton
                CHRISTOPHER S. BRANTON
                Florida Bar No.:  825611
                ROBERT M. FULTON
                Florida Bar No.  008516
                NICOLE WALSH

        Florida Bar No. 111961
        HILL, WARD & HENDERSON, P.A.
        P. O. Box 2231
        Tampa, FL  33601-2231
        (813) 221-3900 – Phone
        (813) 221-2900 – Fax
        Chris.Branton@hwhlaw.com
        Nicole.Walsh@hwhlaw.com
        Bob.Fulton@hwhlaw.com
        Susan.Phillipp@hwhlaw.com
        Debra.Whitworth@hwhlaw.com
        *Attorneys for Techtronic Industries*