IN THE CIRCUIT COURT, THIRTEENTH
JUDICIAL CIRCUIT, IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

CASE NO.:

ROY TRENT,

    Plaintiff,

v.

TECHTRONIC INDUSTRIES
FACTORY OUTLETS, INC.,

    Defendant.
_____/

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, the Plaintiff, ROY TRENT, by and through the undersigned attorney, Jonathan Rotstein, Esquire, and hereby sues Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., a Foreign Corporation, and in support thereof states and alleges as follows:

### FACTS

1. This is an action for damages in excess of the sum of Fifteen Thousand Dollars ($15,000.00.), exclusive of costs, interest and attorney's fees.

2. That the Plaintiff, ROY TRENT, was at all times material hereto, a citizen and resident of Indialantic, Brevard County, Florida and is over the age of twenty-one (21).

3. The Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., is a business authorized and licensed to conduct business in Hillsborough County, Florida by the Secretary of State and does conduct said business in Hillsborough County, Florida.

4. That prior to March 6, 2017, Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., manufactured and/or placed into the stream of commerce a Ryobi skill saw that was expressly or impliedly implied to be safe for consumers to use.

Exhibit 2

5. That on or about March 6, 2017 said Ryobi skill saw was located and being used at 101 Trinity Lakes Drive in Sun City Center, Hillsborough County, Florida. Said Ryobi skill saw was being used by Plaintiff, ROY TRENT, in the manner for which it was intended. The subject skill saw had a faulty safety guard on the blade and did not include any flesh sensing technology. As Plaintiff ran a board though the saw blade, it cut his left hand, including his thumb, index and middle fingers.

6. Plaintiff, ROY TRENT, entered into an agreement to settle his workers' compensation claim against Clear Choice Renovations, LLC based on this accident.

7. This action is maintained, in part, for the benefit of Clear Choice Renovations, LLC and the insurance carrier involved in that settled workers' compensation claim.

8. This Honorable Court has jurisdiction over this lawsuit in that the accident, which is the basis of this lawsuit, occurred in Sun City Center, Hillsborough County, Florida, and that this action for money damages for the Plaintiff, ROY TRENT, exceeds Fifteen Thousand Dollars ($15,000.00) against Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.

## COUNT ONE
## STRICT LIABILITY - MANUFACTURING DEFECT

9. That Plaintiff, ROY TRENT, is entitled to relief against Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., based upon the following facts:

    (a) Plaintiff realleges by reference each and every allegation contained paragraphs 1 through 8 as though fully set forth herein.

10. Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., manufactured, inspected, distributed and sold the subject Ryobi skill saw.

11. That on March 6, 2017, Plaintiff, ROY TRENT, was using an electric Ryobi skill saw in the manner in which it was intended, while working at 101 Trinity Lakes Drive in Sun City Center, Hillsborough County, Florida.

12. Said Ryobi skill saw was manufactured and placed in the stream of commerce by Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.

13. At all times relevant hereto, the subject Ryobi skill saw was substantially unchanged from its condition when it was manufactured and sold by Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.

14. That as Plaintiff, ROY TRENT, was using the subject skill saw to cut a board, the saw, which did not contain a safety guard or any flesh sensing technology, jumped and cut his left hand, including his thumb, index and middle fingers.

15. Plaintiff sought treatment for his cut hand and fingers which required no less than ten surgeries.

16. Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., placed the subject Ryobi skill saw on the market with the knowledge that it would be used without inspection for manufacturing defects and dangers. Defendant knew or should have known that users, operators, or consumers would not and could not properly inspect this produce for manufacturing defects and dangerous conditions, and that detection of such manufacturing defects and dangers would be beyond the capabilities of such persons.

17. The subject Ryobi skill saw had a manufacturing defect based on the following:

    a. The subject Ryobi skill saw was in substantially the same condition as when it was sold by Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.; and

    b. The subject Ryobi skill saw was unreasonably dangerous as it was different from its intended design and failed to perform as safely as the intended design would have performed.

18. That as a direct and proximate result of the manufacturing defect alleged above, the Plaintiff, ROY TRENT, suffered physical pain and suffering, scarring and mental suffering after having his left hand and fingers cut by the product manufactured and distributed by Defendant,

3

TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC. These losses are either permanent or continuing in nature, and the Plaintiff will suffer said losses in the future, to-wit, permanently.

**WHEREFORE**, Plaintiff, ROY TRENT, demands judgment against the Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., in an amount exceeding Fifteen Thousand Dollars ($15,000.00) plus costs of court and trial by jury.

## COUNT TWO
## STRICT LIABILITY - DESIGN DEFECT

19. That Plaintiff, ROY TRENT, is entitled to relief against Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., based upon the following facts:

> (a) Plaintiff realleges by reference each and every allegation contained paragraphs 1 through 8 as though fully set forth herein.

20. Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., designed, inspected, distributed and sold the subject Ryobi skill saw

21. That on March 6, 2017, Plaintiff, ROY TRENT, was using an electric Ryobi skill saw in the manner in which it was intended, while working at 101 Trinity Lakes Drive in Sun City Center, Hillsborough County, Florida.

22. Said Ryobi skill saw was manufactured and placed in the stream of commerce by Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.

23. At all times relevant hereto, the subject Ryobi skill saw was substantially unchanged from its condition when it was sold by Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.

24. That as Plaintiff, ROY TRENT, was using the subject skill saw to cut a board, the saw, which did not contain a safety guard or any flesh sensing technology, jumped and cut his left hand, including his thumb, index and middle fingers.

4

25. Plaintiff sought treatment for his cut hand and fingers which required no less than ten surgeries.

26. Defendant ,TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC. , placed the subject Ryobi skill saw on the market with the knowledge that it would be used without inspection for design defects and dangers. Defendant knew or should have known that users, operators, or consumers would not and could not properly inspect this produce for design defects and dangerous conditions, and that detection of such design defects and dangers would be beyond the capabilities of such persons.

27. The subject Ryobi skill saw had a design defect based on the following:

   a. The subject Ryobi skill saw was in substantially the same condition as when it was sold by Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.;

   b. The subject Ryobi skill saw failed to operate as safely as an ordinary consumer would expect when used as it was intended to be used;

   c. The subject Ryobi skill saw failed to operate as safely as an ordinary consumer would expect when used in a manner reasonable foreseeable by the Defendant; and

   d. The subject skill did not have a safety guard on the blade or any flesh sensing technology that would have prevented the Plaintiff's injury.

28. That as a direct and proximate result of the design defect alleged above, the Plaintiff, ROY TRENT, suffered physical pain and suffering, scarring and mental suffering after having his left hand and fingers cut by the product manufactured and distributed by Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC. These losses are either permanent or continuing in nature, and the Plaintiff will suffer said losses in the future, to-wit, permanently.

**WHEREFORE**, Plaintiff, ROY TRENT, demands judgment against the Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., in an amount exceeding Fifteen Thousand Dollars ($15,000.00) plus costs of court and trial by jury.

## COUNT THREE
## STRICT LIABILITY – FAILURE TO WARN

29. That Plaintiff, ROY TRENT, is entitled to relief against Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., based upon the following facts:

   (a) Plaintiff realleges by reference each and every allegation contained paragraphs 1 through 8 as though fully set forth herein.

30. That on March 6, 2017, Plaintiff, ROY TRENT, was using an electric Ryobi skill saw in the manner in which it was intended, while working at 101 Trinity Lakes Drive in Sun City Center, Hillsborough County, Florida.

31. Said Ryobi skill saw was manufactured and placed in the stream of commerce by Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.

32. At all times relevant hereto, the subject Ryobi skill saw was substantially unchanged from its condition when it was sold by Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.

33. That as Plaintiff, ROY TRENT, was using the subject skill saw to cut a board, the saw, which did not contain a safety guard or any flesh sensing technology, jumped and cut his left hand, including his thumb, index and middle fingers.

34. Plaintiff sought treatment for his cut hand and fingers which required no less than ten surgeries.

35. Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., placed the subject Ryobi skill saw on the market with the knowledge that it would be used without inspection for manufacturing defects, design defects and dangers. Defendant knew or should have known that users, operators, or consumers would not and could not properly inspect this produce for manufacturing defects, design defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

6

36. The subject Ryobi skill saw had a warning defect based on the following:

   a. Defendant knew that using the Ryobi skill saw involved a foreseeable risk of harm;

   b. Defendant failed to provide reasonable instructions or warnings regarding the use of the Ryobi skill saw; and

   c. Defendant's failure to provide reasonable instructions or warnings made the Ryobi skill saw unreasonably dangerous.

37. That as a direct and proximate result of the failure to warn alleged above, the Plaintiff, ROY TRENT, suffered physical pain and suffering, scarring and mental suffering after having his left hand and fingers cut by the product manufactured and distributed by Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC. These losses are either permanent or continuing in nature, and the Plaintiff will suffer said losses in the future, to-wit, permanently.

**WHEREFORE**, Plaintiff, ROY TRENT, demands judgment against the Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., in an amount exceeding Fifteen Thousand Dollars ($15,000.00) plus costs of court and trial by jury.

## COUNT FOUR
## NEGLIGENCE – FAILURE TO WARN

38. That Plaintiff, ROY TRENT, is entitled to relief against Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., based upon the following facts:

   (a) Plaintiff realleges by reference each and every allegation contained paragraphs 1 through 8 as though fully set forth herein.

39. Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., manufactured, designed, inspected, distributed and sold the subject Ryobi skill saw

40. That on March 6, 2017, Plaintiff, ROY TRENT, was using an electric Ryobi skill saw in the manner in which it was intended, while working at 101 Trinity Lakes Drive in Sun City Center, Hillsborough County, Florida.

7

41. Said Ryobi skill saw was manufactured and placed in the stream of commerce by Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.

42. At all times relevant hereto, the subject Ryobi skill saw was substantially unchanged from its condition when it was sold by Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.

43. That as Plaintiff, ROY TRENT, was using the subject skill saw to cut a board, the saw, which did not contain a safety guard or any flesh sensing technology, jumped and cut his left hand, including his thumb, index and middle fingers.

44. Plaintiff sought treatment for his cut hand and fingers which required no less than ten surgeries.

45. Defendant ,TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., placed the subject Ryobi skill saw on the market with the knowledge that it would be used without inspection for manufacturing defects, design defects and dangers. Defendant knew or should have known that users, operators, or consumers would not and could not properly inspect this produce for manufacturing defects, design defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

46. The subject Ryobi skill saw has a warning defect based on the following:

   a. Defendant had a duty to provide adequate warnings regarding the risks Defendant knew are involved in the reasonably foreseeable uses of the subject Ryobi skill saw;

   b. Defendant had a duty to provide adequate warnings regarding the risks Defendant should have known are involved in the reasonably foreseeable uses of the subject Ryobi skill saw;

   c. Defendant failed to give appropriate warnings regarding the risks Defendant knew are involved in the reasonably foreseeable uses of the subject Ryobi skill saw; and

   d. Defendant failed to give appropriate warnings regarding the risks Defendant should have known are involved in the reasonably foreseeable uses of the subject Ryobi skill saw.

47. That as a direct and proximate result of the failure to warn alleged above, the Plaintiff, ROY TRENT, suffered physical pain and suffering, scarring and mental suffering after having his left hand and fingers cut by the product manufactured and distributed by Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC. These losses are either permanent or continuing in nature, and the Plaintiff will suffer said losses in the future, to-wit, permanently.

**WHEREFORE**, Plaintiff, ROY TRENT, demands judgment against the Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., in an amount exceeding Fifteen Thousand Dollars ($15,000.00) plus costs of court and trial by jury.

## COUNT FIVE
## NEGLIGENCE AGAINST DEFENDANT

48. That Plaintiff, ROY TRENT, is entitled to relief against Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., based upon the following facts:

  (a) Plaintiff realleges by reference each and every allegation contained paragraphs 1 through 8 as though fully set forth herein.

49. Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., designed, manufactured, inspected, distributed and sold the subject Ryobi skill saw

50. That on March 6, 2017, Plaintiff, ROY TRENT, was using an electric Ryobi skill saw in the manner in which it was intended, while working at 101 Trinity Lakes Drive in Sun City Center, Hillsborough County, Florida.

51. Said Ryobi skill saw was manufactured and placed in the stream of commerce by Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.

9

52. At all times relevant hereto, the subject Ryobi skill saw was substantially unchanged from its condition when it was manufactured and sold by Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.

53. That as Plaintiff, ROY TRENT, was using the subject skill saw to cut a board, the saw, which did not contain a safety guard or any flesh sensing technology, jumped and cut his left hand, including his thumb, index and middle fingers.

54. Plaintiff sought treatment for his cut hand and fingers which required no less than ten surgeries.

55. Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., knew, or in the exercise of due car, should have known that the subject Ryobi skill saw would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable risk of harm to users, including Plaintiff.

56. Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., was under a duty to properly and adequately design, manufacture, assemble, test, inspect, label, provide adequate warning for, distribute and sell the subject Ryobi skill saw in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly under ordinary circumstances would come into contact with the subject Ryobi skill saw, including Plaintiff.

57. Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., breached its duty of reasonable care owed to Plaintiff by:

    a. failing to design, manufacture, assemble, distribute and sell the subject Ryobi skill saw so that it was reasonably safe for its intended use;

    b. failing to design, manufacture, assemble, distribute and sell the subject Ryobi skill saw so that persons coming into contact with the Ryobi skill saw, including Plaintiff, would not be harmed;

    c.    failing to warn and/or incorporate adequate warning as to the known risk of harm to persons operating the subject Ryobi skill saw when in use;

    d.    failing to provide a safety guard on the blade to prevent injury to persons using the subject Ryobi skill saw; and

    e.    failing to use flesh sensing technology to prevent injury to persons using the subject Ryobi skill saw.

58. That as a direct and proximate result of the manufacturing defect alleged above, the Plaintiff, ROY TRENT, suffered physical pain and suffering, scarring and mental suffering after having his left hand and fingers cut by the product manufactured and distributed by Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC. These losses are either permanent or continuing in nature, and the Plaintiff will suffer said losses in the future, to-wit, permanently.

## COUNT SIX
## IMPLIED WARRANTY OF MERCHANTABILITY

59. That Plaintiff, ROY TRENT, is entitled to relief against Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., based upon the following facts:

    (a)    Plaintiff realleges by reference each and every allegation contained in paragraphs 1 through 8 as though fully set forth herein.

60. Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., designed, manufactured, inspected, distributed and sold the subject Ryobi skill saw

61. That on March 6, 2017, Plaintiff, ROY TRENT, was using an electric Ryobi skill saw in the manner in which it was intended, while working at 101 Trinity Lakes Drive in Sun City Center, Hillsborough County, Florida.

62. Said Ryobi skill saw was manufactured and placed in the stream of commerce by Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.

63. At all times relevant hereto, the subject Ryobi skill saw was substantially unchanged from its condition when it was manufactured and sold by Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.

64. That as Plaintiff, ROY TRENT, was using the subject skill saw to cut a board, the saw, which did not contain a safety guard or any flesh sensing technology, jumped and cut his left hand, including his thumb, index and middle fingers.

65. Plaintiff sought treatment for his cut hand and fingers which required no less than ten surgeries.

66. Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., placed the subject Ryobi skill saw on the market with the knowledge that it would be used without inspection for manufacturing defects, design defects and dangers. Defendant knew or should have known that users, operators, or consumers would not and could not properly inspect this product for manufacturing defects, design defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

67. The subject Ryobi skill saw was defective in that it:

   a) was not reasonably fit for the uses intended by Defendant; and

   b) was not reasonably fit for the uses foreseeable by Defendant.

68. That as a direct and proximate result of the manufacturing defect alleged above, the Plaintiff, ROY TRENT, suffered physical pain and suffering, scarring and mental suffering after having his left hand and fingers cut by the product manufactured and distributed by Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC. These losses are either permanent or continuing in nature, and the Plaintiff will suffer said losses in the future, to-wit, permanently

**WHEREFORE**, Plaintiff, ROY TRENT, demands judgment against the Defendant, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., in an amount exceeding Fifteen Thousand Dollars ($15,000.00) plus costs of court and trial by jury.

Dated this 26 day of December, 20 18.

Law Office of Rotstein & Shiffman, LLC

_____
Jonathan I. Rotstein, Esquire
309 Oakridge Blvd., Suite B
Daytona Beach, FL 32118
Florida Bar No. 909580
(386) 252-5560 / (386) 238-6999 fax (lmb)
Primary: s.carter@rotstein-shiffman.com
Secondary: l.bonner@rotstein-shiffman.com
t.dallarosa@rotstein-shiffman.com
Attorney for Plaintiff